UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI,<br><br>      Petitioner,<br><br>   v.<br><br>MARY LATTIMORE, Warden,<br><br>      Respondent. | 1:10-cv-00353-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT ASSIGN A U.S. DISTRICT JUDGE TO THIS CASE<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 1, 2010, Petitioner filed her petition for writ of habeas corpus in this Court. (Doc. 1).

Petitioner contends that her constitutional rights to due process and a fair hearing were denied as a result of a prison disciplinary proceeding at which Petitioner was found guilty of failing to obey the order of a correctional officer. The hearing officer's report indicates that, although counseling was ordered, Petitioner did not suffer any loss of credits. (Doc. 1, pp. 9; 14).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it

1

1  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule
2  4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
3  (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
4  petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. §
5  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
6  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
7  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
8  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §
9  1983 is the proper method for a prisoner to challenge the conditions of that confinement.
10  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
11  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

12  　　　　The Ninth Circuit has held that "habeas jurisdiction is absent...where a successful
13  challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v.
14  Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  Habeas jurisdiction is appropriate for attacking
15  disciplinary findings as long as an expungement of the disciplinary finding is "likely to accelerate
16  the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.3d 1267, 1269 (9th Cir. 1989).

17  　　　　In this case, Petitioner complains that Respondent violated her constitutional rights to due
18  process and a fair hearing by the manner in which the prison disciplinary hearing process was
19  conducted. As mentioned, as a result of that process, Petitioner did not suffer any credit loss but
20  was instead reprimanded and counseled.  (Doc. 1, p. 14).  Petitioner does not challenge either her
21  underlying conviction or her sentence.  Petitioner is thus challenging the conditions of her
22  confinement, not the fact or duration of that confinement.

23  　　　　Moreover, the process Petitioner has challenged, i.e., the prison disciplinary process, did
24  not result in the loss of any credits by Petitioner; hence, habeas jurisdiction is unavailable since a
25  successful challenge to the disciplinary proceeding would not shorten Petitioner's sentence.
26  Ramirez, 334 F.3d at 859.  Nor has Petitioner established that expungement of the disciplinary
27  finding is "likely to accelerate [her] eligibility for parole."  Bostic, 884 F.3d at 1269.
28  　　　　Because there is no habeas relief which this Court can provide to Petitioner, this petition

should be dismissed.  Should Petitioner wish to pursue her claims, Petitioner should do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATIONS**

For the foregoing reasons, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 5, 2010**                              /s/ Jennifer L. Thurston
                                                                         UNITED STATES MAGISTRATE JUDGE